UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Corey Jawan Robinson, | ) **C/A No. 4:07-03321-HMH-TER** |
| Plaintiff, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| Officer P. Morton;<br>Lt. J. Thompkins;<br>Cpl. B. Dawson;<br>Ofc. Belton; and<br>Officer Brown | ) |
| Defendants. | ) |

The *pro se* plaintiff filed a complaint pursuant to 42 U.S.C. §1983 on October 05, 2007.[1] After the issuance of a Proper Form Order on October 22, 2007, plaintiff submitted an amended complaint on November 1, 2007. Defendants filed a Motion for Summary Judgment along with a memorandum and affidavits in support on April 10, 2008. (Document #36). The undersigned issued an Order filed April 11, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising plaintiff of the Motion for Summary Judgment procedure and the possible consequences if he failed to respond adequately. This Roseboro Order was returned to the Clerk of Court's office via the United States Postal Service marked "Return to Sender-No longer here." (See document #40)

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

1

Plaintiff did not respond to the motion for summary judgment. On May 19, 2008, an Order was issued directing the plaintiff to respond to the defendants' motion for summary judgment within ten (10) days of the date of the Order or his case may be dismissed for failure to prosecute pursuant to Rule 41b of the Federal Rules of Civil Procedure. (Document #41). This Order was returned to the Clerk of Court's office on May 29, 2008, via the United States Postal Service marked "Return to Sender-Inmate Released." (See document #43). Plaintiff has not filed a change of address with the court.

### RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the Court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied 493 U.S. 1084 (1990) and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the Court is required to consider four factors:

(1) the degree of plaintiff's responsibility in failing to respond;

(2) the amount of prejudice to the defendant;

(3) the history of the plaintiff in proceeding in a dilatory manner; and,

(4) the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the plaintiff is proceeding pro se so he is entirely responsible for his actions. It is solely through plaintiff's neglect, and not that of an attorney, that no responses have been filed. Plaintiff has not responded to defendants' motion for summary judgment or the court's

Orders requiring him to respond. Further, the *Roseboro* Order and the Court's Order of May 19, 2008, were returned to the Clerk of Court's office via United States Postal Service as undeliverable and marked "inmate released." Plaintiff has not provided the court with an updated address as required by the Order of November 20, 2007. The undersigned concludes the plaintiff has abandoned his lawsuit as to these defendants. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

## **CONCLUSION**

As set out above, a review of the record indicates that the plaintiff's complaint should be dismissed for failure to prosecute. It is, therefore,

RECOMMENDED that plaintiff's complaint be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b).

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

June 17, 2008
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**